UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 17-cv-06708
JERRI CARMICINO,

                                              Plaintiff,

                                                      **COMPLAINT**

          -against-

RESURGENT CAPITAL SERVICES L.P.,

                                             Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, to GE Capital Retail Bank ("GECRB") for a credit account used for personal, family or household purposes.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant uses the mails and other instrumentalities of interstate commerce to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. The principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign limited partnership formed under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. There came a time when GECRB alleged that plaintiff's account had fallen into default.

16. Subsequent to the default, a debt collector named CACH, LLC ("CACH") allegedly purchased plaintiff's defaulted account from GECRB.

17. Subsequent to the alleged purchase, CACH reported plaintiff's account as a negative tradeline on her credit report.

18. Plaintiff then consulted with her attorneys at Fagenson & Puglisi concerning the account.

19. By letter dated May 27, 2015, Fagenson & Puglisi wrote to CACH.

20. In said letter, Fagenson & Puglisi informed CACH that Fagenson & Puglisi represented plaintiff and that plaintiff should not be contacted directly.

21. By letter dated June 30, 2015, CACH wrote to Fagenson & Puglisi, acknowledging receipt of Fagenson & Puglisi's letter.

22. Thereafter, by letter dated July 19, 2017, defendant wrote a letter to plaintiff.

23. In its letter, defendant stated that it was attempting to collect the said debt on behalf of CACH.

24. Defendant sent the letter directly to plaintiff at her home.

25. CACH knew that plaintiff was represented by Fagenson & Puglisi in the matter of the debt.

26. On information and belief, CACH informed defendant that Fagenson & Puglisi represented plaintiff and that plaintiff should not be contacted directly.

27. On information and belief, upon placing the debt with defendant for collection, CACH informed defendant that Fagenson & Puglisi represented plaintiff.

28. CACH should have informed defendant that Fagenson & Puglisi represented plaintiff before defendant sent its letter to plaintiff at her home.

29. Defendant knew that Fagenson & Puglisi represented plaintiff before defendant sent its letter directly to plaintiff at her home.

30. Defendant should have known that Fagenson & Puglisi represented plaintiff before defendant sent its letter directly to plaintiff at her home.

31. Upon receipt of defendant's letter, plaintiff felt surprise, confusion and agitation that defendant would communicate directly with her concerning a debt in respect of which her attorneys had already informed defendant's client, CACH, that she was represented by counsel and in respect of which defendant knew she was represented by counsel.

## AS AND FOR A FIRST CAUSE OF ACTION

### Improper direct communication with Plaintiff

15 U.S.C. §§ 1692c(a)(2) and 1692e

32. Plaintiff re-alleges paragraphs 1-31 as if fully re-stated herein.

33. Defendant knew that plaintiff was represented by counsel and should not be contacted directly.

34. Defendant knew that plaintiff was represented by counsel and should not be contacted directly before defendant sent its collection letter directly to plaintiff at her home.

35. In any event, defendant had an affirmative duty to inquire of CACH whether plaintiff was represented by counsel in the matter, before defendant communicated directly with plaintiff.

36. Defendant did not inquire of CACH whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff at her home.

37. In sending its collection letter directly to plaintiff at her home, notwithstanding knowledge that plaintiff was represented by counsel, defendant violated 15 U.S.C. § 1692c(a)(2).

38. Defendant's sending of its letter directly to plaintiff at her home was a result of defendant's violation of its affirmative duty to inquire of CACH, before communicating with plaintiff, whether plaintiff was represented by counsel, thereby violating 15 U.S.C. § 1692c(a)(2).

39. Defendant is further in violation of 15 U.S.C. § 1692e in that defendant's sending of its letter directly to plaintiff at her home despite its knowledge that plaintiff was represented by counsel constitutes a deceptive and misleading means used by defendant in an attempt to collect the debt, and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her counsel.

40. Defendant is further in violation of the 15 U.S.C. § 1692e in that defendant's conduct in communicating with plaintiff directly as a result of its violation of its affirmative duty to inquire of CACH, before communicating with plaintiff, whether plaintiff was represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her counsel.

41. Communications from debt collectors are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

42. Plaintiff re-alleges paragraphs 1 to 41 as if fully re-stated herein.

43. Defendant owed a duty to plaintiff to effect collection of plaintiff's alleged debt with reasonable care.

44. Defendant breached its duty to collect plaintiff's debt with reasonable care.

45. In the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

46. The fact that defendant contacted plaintiff directly regarding the same debt for which defendant had been informed that plaintiff had legal representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

47. On information and belief, defendant obtains hundreds of consumer accounts of New York residents each month for the purpose of collection.

48. Defendant's act of communicating with plaintiff directly is a deceptive act and practice.

49. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

50. Defendant's deceptive act and practice was consumer–oriented, in that defendant's act of communicating directly with a legally-represented consumer despite knowledge that she is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant obtained for collection and on which there was legal representation.

51. Defendant maintained no procedure to ensure that it did not communicate directly with consumers it knows to be represented by counsel.

52. Defendant maintained no procedure to ensure that it did not communicate with consumers it ought to know to be represented by counsel.

53. Defendant's said conduct of communicating directly with legally–represented consumers has a broad impact on consumers at large whose accounts are obtained by defendant for collection and who are represented by counsel in the matter of the collection of their debt.

54. Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in defendant sending its letter to plaintiff directly at her home, thereby improperly encouraging plaintiff to communicate with defendant directly about a debt for which she had the representation of counsel.

55. Therefore, defendant's failure to honor plaintiff's legal representation and its sending of its letter directly to plaintiff was deceptive in a material way.

56. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

57. Upon receipt of the defendant's letter, plaintiff felt surprise, confusion and agitation that defendant would communicate directly with her concerning a debt in respect of which her attorneys had already informed defendant's client, CACH, that she was represented by counsel and in respect of which defendant knew she was represented by counsel.

58. Defendant violated NYGBL § 349(a) by sending its letter directly to plaintiff and is liable to plaintiff under NYGBL § 349(h).

59. As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from committing further deceptive acts and practices against plaintiff, pursuant to NYGBL § 349;

(e) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(f) in the alternative to (e), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(h) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 1, 2017.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com